16-44-cv
*Beard v. Town of Monroe, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS BEARD,
            *Plaintiff-Appellant,*

                        v.                              16-44-cv

TOWN OF MONROE, PLANNING AND ZONING
COMMISSION OF THE TOWN OF MONROE, JOSEPH
CHAPMAN,
            *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:         Ian A. Cole, Cohen & Thomas, Derby, Connecticut.

FOR DEFENDANTS-APPELLEES:        Michael T. Ryan, Jonathan C. Zellner, Ryan Ryan
                                 Deluca LLP, Stamford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Thomas Beard appeals from a judgment entered on December 7, 2015, granting summary judgment in favor of defendants-appellees Town of Monroe (the "Town"), its Planning and Zoning Commission, and Zoning Enforcement Officer ("ZEO") Joseph Chapman.  Beard brought suit under 42 U.S.C. § 1983 alleging that defendants violated his Equal Protection rights under the Fourteenth Amendment by enforcing zoning restrictions against him while failing to enforce the same restrictions against other individuals who purportedly were similarly situated.

We review *de novo* an award of summary judgment and affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue as to any material fact and the moving party's entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.    Background

Beard owns five acres of land in Monroe, Connecticut, within a Residential and Farming District D Zone ("RD Zone").  As a result, the land is subject to

numerous restrictions on its use, including limitations on the size of dwellings and the activities that may be performed on the property.[1] Beard used the land to operate numerous businesses, including excavation, trucking and hauling, salvage, loam, demolition, and plowing. He stored three hydraulic excavators, three plow trucks, four trailers, a truck tractor, a dump truck, a bulldozer, a bucket loader, a John Deere tractor, three back hoes, a loader backhoe, a Bobcat, and a site truck on his property.

On appeal, Beard alleges that the Town did not enforce the zoning regulations against the owners of two other properties in Monroe, who he contends were engaged in similar activities. The first property, owned by Kenneth Twombly, is eleven acres and is in a Residential and Farming District C Zone.[2] Twombly uses his property to grow trees and sell compost and mulch, for which he has a state license. While there was deposition testimony that Twombly sold topsoil in the past, Chapman testified that Twombly had stopped doing so by the time of this suit. Twombly never

---

[1] Specifically, land, buildings and other structures located in RD Zones are limited to, among other things: "A. A single detached dwelling for one (1) family, and not more than one (1) such dwelling per lot. B. Farms, nurseries, and greenhouses. C. Roadside farm stands exclusively for the sale of farm produce grown on the premises," and a variety of other purposes, as provided by permit. Monroe Zoning Regulations, Art. III Residential and Farming District C, Section 117-301 A-C, Art. IV Residential and Farming District D, Sections 117-400, 401. In addition, no "commercial or combination registered vehicle" stored on the property can exceed a one ton capacity and "truck-tractors, commercial semi-trailers, and/or commercial trailers" cannot be parked or stored on RD Zone properties. Monroe Zoning Regulations, Art. III Residential and Farming District C, Section 117-301 L(3). Finally, the properties are not permitted to have more than "one (1) commercial or combination registered vehicle bearing commercial advertising parked or stored on the premises" and "[a]ny commercial or combination registered vehicle showing commercial advertising shall be garaged or suitably screened." *Id.*

[2] Regulations for RC Zones are identical to those for RD Zones, except that RD Zone restrictions impose additional limitations as to lot size. *See* Monroe Zoning Regulations, Art. III Residential and Farming District D.

operated an excavation, trucking, hauling, snowplowing, scrap metal salvage, or demolition business on his property. He maintains an excavator, a John Deere bucket loader, a screener, and a site truck on his property. His neighbors did not file any complaints about his business with the town Zoning Commission.

The second property, owned by Blakeman Smith, is also eleven acres and in an RD Zone. Smith uses his land for logging, selling topsoil, raising cows, chickens, goats, horses, and pigs. He also has an excavation business. He previously sold topsoil, but stopped doing so between six and eight years ago. He stores six excavators, two farm trucks, one dump truck, two screeners, and five loaders on the property. One neighbor filed complaints with the Zoning Commission against his business in 2008.

According to Beard, sometime in 2007, his neighbors Michael and Teresa Bauer (the "Bauers") complained about Beard's activities on his property. A different ZEO investigated the complaint and determined that Beard's activities were preexisting nonconforming uses. The ZEO did not issue a cease and desist order.

Undeterred, on June 1, 2010, the Bauers filed a civil suit in Connecticut state court against Beard for zoning regulation violations and private nuisance. On April 15, 2011, the state court issued a temporary injunction ordering that Beard cease and desist from a number of activities, including operating any commercial business on his property in violation of the town zoning regulations. The court also enjoined Beard

from parking or storing commercial vehicles exceeding a one-ton capacity on his property.

On May 10, 2011, Chapman issued a cease and desist letter directing Beard to comply with the state court decision. Specifically, Beard was instructed to cease and desist from operating any excavation, snowplowing, trucking and hauling, scrap metal salvage or demolition business, or from engaging in the production for sale of loam or topsoil.

On May 26, 2011, Beard appealed the cease and desist letter to the Town's Zoning Board of Appeals (the "Board"). On July 5, 2011, his appeal was denied.

On June 30, 2011, the Town and Chapman moved to intervene in the state court suit brought by the Bauers seeking enforcement of zoning regulations against Beard. On July 14, 2011, the court granted their motion.

On July 21, 2011, Beard filed suit in state court appealing the Board's decision to deny his appeal, which was then consolidated with the Bauer suit.

On April 18, 2012, the state court ruled in favor of the Bauers and the Town and issued a permanent injunction against Beard prohibiting him from operating any excavation, hauling, snowplowing, scrap metal salvage, or demolition business, mining or quarrying, selling third parties loam or top soil, handling hazardous material on his property, or parking or storing more than one commercially registered vehicle on his property. Beard did not appeal.

In October 2013, Beard filed suit in state court alleging that owners of other properties in Monroe were similarly situated, but not being subjected to zoning enforcement actions. Defendants removed the suit to federal court. Defendants then moved for summary judgment. The district court granted the motion by order dated December 4, 2015. This appeal followed.

2.      Discussion

We affirm the district court's grant of summary judgment dismissing Beard's claims substantially for the reasons given in its ruling. We address two arguments Beard raises on appeal. First, he argues that the district court erred in finding that other land owners engaging in similar activities were not similarly situated for the purposes of establishing a "class of one" Fourteenth Amendment claim. Second, he argues that the district court erred in finding that the Town's intervention in the Bauers' state court suit did not affect the outcome of that suit.

Beard brings his Equal Protection claim under a "class-of-one" theory, arguing that the Town violated his Fourteenth Amendment rights by prohibiting loam manufacturing on his property while permitting others to engage in the same activity on their properties. As this Court has held, "a class-of-one claim exists 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Analytical*

*Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Under this theory, the plaintiff bears the burden of showing:

(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

626 F.3d at 140 (internal quotations and citations omitted)*; see also Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). Class-of-one plaintiffs must show "an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside*, 468 F.3d at 159; *see also Doninger v. Niehoff*, 527 F.3d 41, 53 (2d Cir. 2008); *Cordi-Allen v. Conlon*, 494 F.3d 245, 251 (1st Cir. 2007) ("The 'similarly situated' requirement must be enforced with particular rigor in the land-use context because zoning decisions 'will often, perhaps almost always, treat one landowner differently from another.'" (quoting *Olech*, 528 U.S. at 565 (Breyer, J. concurring))).

Beard does not satisfy this high standard of similarity. First, a reasonable factfinder could only conclude that Twombly and Beard were not similarly situated. Beard engaged in a number of non-conforming activities on his property that Twombly did not engage in on his property. These included storing multiple vehicles over one ton in capacity (Beard has eight), and conducting excavation, trucking and hauling,

- 7 -

salvage, demolition, and snow plowing businesses. None of these are permitted under the zoning restrictions. While Twombly sold compost and mulch, he did so with a permit. Beard also generated significantly more neighborhood opposition than Twombly.

Second, as for Smith, a reasonable factfinder likewise could only find that Smith and Beard were not similarly situated. The district court noted that while there were similarities between the activities on Beard's and Smith's properties, including pre-existing non-conforming uses, there were also significant differences. While Smith ran an excavation business and created topsoil on his property, he had not regularly sold topsoil or loam since approximately 2009. His primary business was farming, including raising farm animals. He had never operated a trucking or hauling business, scrap metal business, or demolition business on the property. While Smith's neighbor also registered complaints against him, the complaints were not as numerous as those against Beard. Thus, the record demonstrates that Smith and Beard were not sufficiently similar to support a finding that the Town improperly denied pre-existing use status to Beard.

Because we find that Beard has failed to establish a cognizable claim under the Fourteenth Amendment, we need not reach his second argument on the issue of causation.

We have reviewed Beard's remaining arguments on appeal and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk